UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALVIN LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-977 NCC |
| ZACKARY S. WHITEHEAD, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $25, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Defendant Zackary Whitehead gave plaintiff a conduct violation on August 1, 2016, for engaging in a conspiracy to introduce marijuana into the institution. The violation was issued subsequent to an investigation of plaintiff's phone records, in which an investigator heard plaintiff talking to a man who said he would give marijuana to a woman on July 27, 2016, so she could deliver it to the prison.

On August 5, 2016, defendant Jason Pullman held a violation hearing. Plaintiff explained to Pullman that he had not been talking about marijuana on the phone but that he had been referring to a CD by Gucci Mane that he had recently ordered by mail. Pullman found plaintiff guilty and referred him to disciplinary segregation for twenty days and then to administrative segregation. Plaintiff says his due process rights were violated because he was not allowed to introduce evidence at the hearing.

## Discussion

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. *E.g.*, *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in

administrative segregation not atypical or significant). As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, plaintiff has not alleged that defendants Matthew Pultz or Jonna Grubbs were involved in his placement in segregation. As a result, the complaint is legally frivolous with regard to these defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $25 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Dismissal will be filed forthwith.

Dated this 21st day of March, 2017.

_____
RODNEY W. SIPPPEL
UNITED STATES DISTRICT JUDGE